IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN SMITH,** | : CIVIL ACTION NO. 1:21-CV-1704 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **LT. JAMES HENDRICK,** *et al.*, | : |
| **Defendants** | : |

## MEMORANDUM

This is a prisoner civil rights case in which plaintiff John Smith alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when he was denied a meal on one occasion, called a "dummie" on two occasions, and forced to "eat like a dog" on several occasions. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted. The complaint will be dismissed, though Smith will be granted leave to amend his complaint with respect to his claim that he was forced to eat like a dog.

### I. Factual Background & Procedural History

Smith is currently confined in the State Correctional Institution-Waymart ("SCI-Waymart") and was incarcerated in that institution at all times relevant to this case. According to the allegations in Smith's complaint, defendant James Hendrick denied him a meal on January 5, 2021 "as punishment" for an unspecified incident. Nine days later, on January 14, 2021, an unknown correctional officer called Smith a "dummie." The next day, Hendrick came to Smith's cell and told

Smith that if he did not stop filing complaints Hendrick would "put some one in here who really hates pedophiles and we will see how you like life then." Hendrick then told Smith that "dummie" is not an abusive term and that defendant Morcom had something to say to Smith. Morcom then came to the cell and "repeatedly" called Smith a "dummie."

Smith alleges that these incidents "led to many instances" where prison staff refused to provide Smith utensils with which to eat his meals and made him "eat like a dog." He alleges that without a utensil, he was forced to put his face in the tray in order to eat. He also alleges that he tried to "tear off a corner of the tray to use as a scoop" but that defendant Morcom ordered him not to do so.

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III. Discussion

Smith brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).  Here, Smith alleges violations of the Eighth Amendment, which protects prisoners from cruel and unusual punishment.  See U.S. CONST. amend. VIII.

---

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

Smith's complaint fails to state a claim for violation of the Eighth Amendment upon which relief may be granted.  The allegation that defendant Hendrick denied Smith a meal does not state a claim upon which relief may be granted because the denial of a meal on one occasion does not rise to the level of an Eighth Amendment violation.  See, e.g., Rieco v. Moran, 633 F. App'x 76, 78 (3d Cir. 2015); Lindsay v. O'Connor, 327 F. App'x 319, 321 (3d Cir. 2009).

Smith's allegations that defendants called him a "dummie" and threatened to place an inmate in the prison who would harm him likewise fail to state a claim upon which relief may be granted.  Harassing and threatening language by itself does not violate the Eighth Amendment.  See, eg., Sears v. McCoy, 815 F. App'x 668, 670 (3d Cir. 2020); Rieco, 633 F. App'x  at 79.

Finally, Smith's allegation that he was forced to eat like a dog fails to state a claim upon which relief may be granted because it fails to allege that any of the defendants were personally involved in the alleged civil rights violation.  A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation.  Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence.  Id.  The complaint alleges that "RHU staff refused to provide" Smith with utensils to eat his meals on several occasions, but does not allege which members of the RHU staff took these actions or when they did so.  The complaint

alleges that when Smith tried to tear off a corner of his tray to use as a scoop for his food defendant Morcom told him not to do so, but it is unclear if defendant Morcom was personally involved in refusing to provide Smith with utensils or whether he was simply telling Smith not to damage prison property by tearing the tray. Accordingly, we will dismiss this claim for Smith's failure to allege the defendants' personal involvement.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d 224, 245 (3d Cir. 2008). We will grant leave to amend with respect to the claim that Smith was forced to eat like a dog because that claim is factually, rather than legally, deficient. We will deny leave to amend with respect to Smith's other claims because the alleged actions by defendants would not violate the Eighth Amendment even if they were proven true. See, e.g., Rieco, 633 F. App'x at 78-79.

## IV. Conclusion

We will dismiss the complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and grant plaintiff leave to file an amended complaint with respect to his claim that he was forced to eat like a dog. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   October 12, 2021